■ In the Matter of LEFFERTS GENERAL HOSPITAL, INCORPORATED, Appellant, v. ASSOCIATED HOSPITAL SERVICE OF NEW YORK et al., Respondents.—

GIBSON, P. J. Appeal from an order of the Supreme Court at Special Term which dismissed the petition in a proceeding under article 78 of the CPLR to review and annul a determination of respondent Commissioner of Social Welfare of the State of New York which found adequate the per diem rate of $28.80 allowed for the year 1960 by respondent Associated Hospital Service of New York (AHS) for the reimbursable expenses of petitioner hospital in connection with its services rendered Blue Cross subscribers under the hospital service plan of respondent AHS; petitioner being a stock corporation operating a private hospital for profit and its sole objection to the rate being predicated upon the refusal of respondent AHS to include in the rate computation the amounts of the salaries paid by petitioner to certain physicians, who are its officers and stockholders, allegedly for supervisory and administrative services. Initially, petitioner sought to have included in the rate calculation (in addition to $38,798 in supervisory and administrative salaries already included in its computations and subsequently allowed) the sum of $91,500 paid as salaries to these same physicians-owners; but upon the application for review petitioner reduced the amount of that request to $25,000, the maximum allowable under AHS' rules. Petitioner's contract with respondent AHS in pertinent part provided: " We agree to accept, as compensation from you for Hospital Service so rendered by us, payments in such amounts and upon such basis as shall be determined from time to time by your Board of Directors and subject to the necessary approvals by the Commissioner of Social Welfare of the State of New York and the Superintendent of Insurance of the State of New York." The " basis " thus provided was determined by the adoption of a hospital reimbursement formula whereby payments to each hospital are based on that hospital's actual annual operating costs, the total yearly operating expenses being then divided by total yearly patient days to arrive at the daily rate to be paid the hospital for each patient day for which AHS is liable. With respect to proprietary hospitals such as petitioner's, the formula provided: " Salaries, fees and other payments paid to individual owners, directors, officers or stockholders of a proprietary hospital  *  *  *  will be included in reimbursable expense provided: (a) that the payments are for essential services in the operation of the hospital and (b) to the extent that the amounts of such payments are reasonable." The duty of supervising rates adopted by hospital service corporations is imposed upon the Commissioner of Social Welfare and the Superintendent of Insurance by statute providing: " All rates of payments to hospitals, convalescent institutions and nursing homes made by such corporation pursuant to the contracts provided for in subsection one shall prior to payment be approved as to adequacy by the commissioner of social welfare and as to reasonableness by the superintendent." (Insurance Law, § 254, subd. 2.) The respondent Commissioner found the " major point at issue " to be " whether or not the sum of $25,000 paid out to the eight physician-owners is a proper charge to be included in the operating costs of Lefferts General Hospital"; and thereupon held: " The evidence leads me to the inescapable conclusion that the rate of $28.80 per diem for the year 1960 paid by the Associated Hospital Service of New York to Lefferts General Hospital is adequate, without the inclusion of the contested amount of $25,000 in operating expenses." In dismissing the petition, Special Term held: " There are no facts presented on this proceeding that establish to the satisfaction of the court that the Commissioner of Social Welfare's determination that the rate of $28.80 per diem is adequate without the inclusion of a part or all of the salaries of the physician-owners in the computation of reimbursable expenses for the year 1960 is illegal, arbitrary, capricious or unreasonable." In reaching a deter-

mination as to whether or not the rate was adequate the Commissioner quite properly looked first to the basis upon which it was computed by AHS, pursuant to its contract with petitioner and to the formula adopted by it and approved by the Commissioner of Social Welfare and the Superintendent of Insurance. Considering that proprietary hospitals would be unduly favored by the allowance of supervisory and administrative salaries in amounts exceeding those paid by voluntary hospitals, AHS surveyed the latter and established that in voluntary hospitals of from 100 to 149 beds the totals of such salaries ranged from $22,500 to $35,000 and that in hospitals of from 150 to 199 beds the range was $35,000 to $42,500. Petitioner, providing 157 beds, was within the latter category and the salaries of $38,798 paid (exclusive of those in dispute) slightly exceeded the median in that classification. AHS' review committee, at petitioner's request, gave reconsideration to the computation of petitioner's costs and found " that the physician owners were doing some administrative and supervisory work which tended to lighten the load of the administrative staff, but that that portion of it above and beyond that usually contributed by an officer of a hospital medical staff was duplicative and not substantially productive." In undertaking his additional and independent evaluation, the Commissioner requested the production by both parties of all the extensive financial data and organizational and other pertinent information bearing upon the issue; he submitted the evidence thus collated to expert analysis and, among other things, compared the rate with the reimbursement formulas utilized by the Department of Social Welfare in determining payments to be made to hospitals for the care of welfare patients; and upon all the proof found the rate to be adequate. Appellant's argument is directed principally, if not entirely, to the proposition that the comparison of the salaries in question with those paid by voluntary hospitals was improper because the latter are the beneficiaries of charitable contributions and tax benefits; but the comparison, and the study and examination, were directed solely to the *costs* of specific services and there is no indication whatsoever of any differences, as between voluntary and proprietary hospitals, in pay scales for corresponding supervisory and administrative positions. Order affirmed, with one bill of costs to respondents. Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.